Bigger, J.
This case [Bowland, Treasurer, v. Wolfe Brothers Shoe Co.] is before the court upon the demurrer of the defendants to the petition. Very elaborate briefs have, been filed by counsel, which include also the briefs of counsel in the case of Bowland, Treasurer, against the Ohio Farmers Fertilizer Company. It would be a needless task and would consume too much time to undertake to discuss at length the contentions of counsel as to the validity of the statute here involved, and consider the vast number of cases which are cited upon both sides. In short, the contention of the defendants is that Section 2859 of the Revised Statutes^ under the provisions of which the county *171 treasurer brings this action against the defendants to recover taxes alleged to stand charged upon the tax duplicate against the defendant corporations is unconstitutional and void.
This section of the statute is a part of the machinery provided by law for the collection of taxes. It provides that in addition to other remedies provided for the collection of taxes, ,the county treasurer is authorized to enforce the collection of taxes by a civil action in his own name for the collection of any personal taxes standing charged against any person on the duplicate and which have not been paid. The statute provides that it shall be sufficient for the treasurer, after having made the proper parties, to allege in his bill of particulars or petition that the taxes stand -charged upon the duplicate of the county against such person; that the same are due and unpaid and that such person is indebted to the amount appearing to be due on such duplicate. This statute also provides that upon the trial the tax duplicate shall be received as prima facie evidence of the amount and validity of the tax and of its non-payment. It is urged and contended that this statute is not constitutional.
I have given very careful consideration to the arguments advanced by defendants ’ counsel upon that question. In the first place it is to be observed that this law has been upon the statute books of the state for many years, and although frequently before the courts in eases involving its construction, apparently the question of its constitutionality h'as never boon raised. After a statute has stood upon the books for such a length of time and one that has been so frequently, before the courts in adjudicated cases and its constitutionality never questioned, a court ought to be very clear that it is invalid before declaring it to be so: No statute is to be declared unconstitutional unless clearly so, and that is especially so in the case of a statute which has been upon the firing line so long as the one now under consideration, and escaped unscathed.
Keeping this rule in mind, I have reached the conclusion that it is the duty of the court to sustain the law. Indeed, I am far from being clear that the law is unconstitutional upon the grounds urged, and I do not think a statute is unconstitutional *172 because it prescribes a rule of pleading or evidence for a particular class of cases which is different from' that applied to other cases. We have examples in this state of legislative enactments with reference to the form of pleadings in a particular class of eases, both civil and criminal, which before such legislative enactments would not have been sufficient as a statement of a cause of action under the general rules of pleading. We have also examples outside of the statute in question of statutory provisions with reference to what shall be sufficient evidence to make a prima facie ease, and in the light of the decided cases, I am of the opinion that this is within the legislative power, and that the Legislature may establish and alter rules of evidence and declare what shall constitute proof prima facie, provided the adverse party is given a fair opportunity in court to contest the claim. It is to be observed that the duplicate is only made prima facie evidence. It is not at all conclusive and may be rebutted and overthrown by the defendants.
It seems to me that the contention of defendants’ counsel fails to give proper weight to the consideration that proceedings for the collection of taxes are summary in their nature, and the provisions of this statute are designed manifestly to relieve the treasurer, who may be under the necessity, of bringing many such actions, from that degree of particularity in pleading which is required in ordinary cases. It affords the defendant, however, full opportunity to have his day in court, and it would seem to me that the hardship of requiring him to meet and overthrow this prima facie ease is somewhat exaggerated as evidence necessary to that end would seem to be easily within his own knowledge or reach.
The state, in passing this act, has not done for the treasurer more than it has done for private individuals by similar statutes in certain other kinds of suits. In brief, after a very careful examination of the questions raised and the authorities cited on both sides, I am not at all clear that upon any grounds stated this act is unconstitutional, and as that is the only ground upon which the demurrer is planted, the demurrer must be overruled.
The same ruling will be made in the case of Bowland, Treasur *173 er, against the Ohio Farmers Fertilizer Company, Number 49,034.
Webber & McCoy, for plaintiff.
Huggins, Huggins c6 Johnson, for defendants.